*281 DUNCAN, Circuit Judge,
concurring in the denial of rehearing en banc:
The reasons underlying the panel majority opinion on the merits are set forth in detail at Buckner v. Polk, 453 F.3d 195 (4th Cir.2006). I write here briefly only to clarify the facts presented on this appeal, and to set forth, as the dissent does not, both the issue before us and the standard of review that mandates the denial of the petition for rehearing en banc.
The dissent’s characterization to the contrary, the majority’s opinion in this case does not even implicate, let alone “heighten,” “a defendant’s burden to establish a violation of his Sixth Amendment right to counsel.” See infra dissent at 282. The majority opinion simply applies the stringent standard of review imposed by the Anti-Terrorism and Effective Death Penalty Act (“AEDPA”), 28 U.S.C. § 2254 (2000), to conclude, as, indeed it must, that the state MAR court’s factual findings underlying its decision that Buckner’s counsel was not ineffective are not clearly erroneous. Even if they were, analysis under AEDPA further dictates that Buckner’s newly proffered evidence is so cumulative of that which his counsel did offer at sentencing that the failure to present it could not constitute prejudice.
Significantly, in deciding whether Buckner has demonstrated the deficiency of the state court adjudication, we must presume the state court’s factual findings to be correct absent clear and convincing evidence to the contrary. § 2254(e)(1). For that reason, we do not “now know,” as the dissent would have it, that Buckner’s dysfunctional childhood caused personality abnormalities, because the state court expressly found the new expert testimony on which the dissent seeks to rely to be “not credible.” [J.A. 453]. Moreover, although the dissent contests the reasonableness of trial counsel’s performance, the state court made extensive findings of fact to the effect that trial counsel met with individuals at the North Carolina Center for Death Penalty Litigation, hired a psychologist to interview Buckner, obtained a pretrial psychological evaluation, and secured the appointment of an investigator to assist in obtaining mitigation evidence — all in the face of repeated refusals by Buckner (and members of his family) to co-operate, and Buckner’s insistence that no events in his childhood affected him in any way. Although the dissent ignores these facts and appears to disagree with- them, it does not even attempt to refute them by clear and convincing evidence.
Even if we were free to disregard the state court’s factual findings underlying its assessment of the reasonableness of counsel’s performance, as the dissent would have us do, the dissent further fails to rebut the state court’s conclusion regarding the absence of prejudice. In determining that trial counsel’s performance did not prejudice Buckner, the state court pointed to the mitigation evidence portraying Buckner as the product of a troubled home, whose father had a history of alcohol abuse and whose brother died in a house fire when he was young. Indeed, the very fact on which the dissent relies so heavily — the jury’s notations regarding the death of Buckner’s brother in a fire and lack of parental involvement as mitigating factors — reinforces the extent to which trial counsel made it aware of those unfortunate aspects of Buckner’s life. As discussed in the panel majority opinion, this court has consistently upheld as not unreasonable state court findings of no prejudice from counsel’s failure to introduce evidence adding only minimal detail or support to mitigating factors counsel already presented to the jury. Buckner, 453 F.3d at 206 (citing McHone v. Polk, 392 F.3d 691, 709-10 (4th Cir.2004)).
*282 In the face of evidence of guilt characterized by the state court as “overwhelming,” [J.A. 454] and a finding of first degree murder under alternate theories of felony murder, lying in wait, and premeditation and deliberation, the dissent proffers nothing more than pure speculation to support its assertion that the newly minted affidavits (two of which contain sections copied verbatim from one another) would have tipped the scales of a juror’s consideration. Given the AEDPA standard of review, the failure of Buckner and the dissent to rebut the state court’s adverse credibility finding and the substantive weakness and cumulative nature of the new evidence, this court’s denial of the motion for reconsideration is not only appropriate, but compelled.